UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 21-6283-MWF (AGRx)                    Date:  August 16, 2021

Title:      Summitridge Venture Group v. Mitali Parmar et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:
None Present                           None Present

**Proceedings (In Chambers):**  ORDER REMANDING ACTION TO ALAMEDA
COUNTY SUPERIOR COURT PURSUANT TO 28
U.S.C. § 1452(b)

Cross-Defendant Vikram Srinivasan removed this action from Alameda County
Superior Court on August 4, 2021.  (*See* Notice of Removal ("NoR") (Docket No. 1)).
Srinivasan previously removed this action on May 4, 2021, which the Court remanded
on May 27, 2021 (the "Prior Order").  (*See* CV 21-3809-MWF (AGRx) (Docket No.
6)).  In the Prior Order, the Court — assuming without deciding that jurisdiction was
properly invoked under 28 U.S.C. § 1334 — determined that equitable remand
pursuant to 28 U.S.C. § 1452(b) was warranted because the action involved only state
law claims.  (*See id.* at 2).

Srinivasan repeats his argument that the Court has federal question jurisdiction
over the action because the state court violated the automatic bankruptcy stay pursuant
to 11 U.S.C. § 362, which Srinivasan claims has been in force since Summitridge filed
for Chapter 11 bankruptcy in the Central District of California Bankruptcy Court
earlier this year.  (*Id.* at 3-5).  Srinivasan also contends that he seeks removal of only
the contempt proceedings, and not the entire underlying action, and therefore only
issues of federal law are implicated.  (*Id.* at 6).

For the same reasons explained in the Prior Order, equitable remand is again
warranted.  Srinivasan may not remove only part of an underlying action, and the
claims at issue arise solely under state law.  (*See generally id.*); *see also Liquidation
Tr. v. Grobstein, Horwath & Co., LLP*, CV 10-08144-MMM (Ex), 2011 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | **CV 21-6283-MWF (AGRx)** | **Date:  August 16, 2021** |
| Title: | Summitridge Venture Group v. Mitali Parmar et al. | |

13217688, at \*4 (C.D. Cal. May 2, 2011) ("Courts have consistently exercised their discretion to remand under § 1452(b) where a case is grounded exclusively in state law.") (collecting cases)).  Assuming without deciding that jurisdiction is properly invoked under 28 U.S.C. § 1334, the Court determines that equitable remand under 28 U.S.C. § 1452(b) is appropriate under the circumstances.  Specifically, "comity and the predominance of state law issues strongly favor remand because" the parties assert "only state law claims."  *Id.* (citations omitted); *see also Liquidation Tr.*, 2011 WL 13217688, at \*4.

Accordingly, the action is **REMANDED** to Alameda County Superior Court.

IT IS SO ORDERED.